### THE ALFRED DUNOIS.

### GEO. F. BLAKE MANUF'G CO. v. THE ALFRED DUNOIS.

(District Court, S. D. New York. May 5, 1896.)

MARITIME LIEN—SUPPLIES TO CHARTERED VESSEL—CAPTAIN PRESENT—CREDIT OF THE SHIP.

The superintendent of the charterer's agents purchased a pump for the chartered vessel, for which the charterer, by the terms of the charter, was bound to pay. The superintendent stated to the libellant at the time of the purchase that his principals were the ship's agents, which was incorrect. The captain was present with the superintendent at the time of the purchase, and examined the different pumps, and he gave no notice to the libellant that the purchase was not on the ship's account and the libellant relied upon the credit of the ship: Held, the circumstances justified trusting the ship, and that she was liable.

In Admiralty. Supplies to chartered vessel.

S. H. Guggenheimer, for libellant.

Mr. Mynderse, for defendants.

BROWN, District Judge. The Dunois was a foreign vessel, under charter to a resident of Cuba. She was designed for freight service. The charterer wished to carry passengers also, and by the terms of the charter was required to pay any expense of adapting her to that traffic. His agents in this city, through their superintendent, purchased of the libellant a pump which was required by the inspectors at this port for passenger service. The captain of the ship accompanied the superintendent when the purchase was made, and examined the different pumps at the libellant's store. The pump was delivered to the ship, and the engineer's receipt taken for it. At the time of the purchase, the superintendent told the libellant that the pump was to be charged to the ship, and that his principals were the ship's agents, and that the bill was to be sent to them, a credit of 30 days being allowed. The bill was sent accordingly, charging ship and owners. The superintendent's statement that his principals were the ship's agents, was incorrect. They were the charterers' agents only. The shipowners had other agents in this city. The captain testified

that he did not hear this statement, or that the charge was to be made to the ship; and that he would not have received the pump on board if he understood that. The libellant had no knowledge that the ship was under charter, nor any acquaintance with the charterers' agents, and made no inquiries in regard to them; but in fact trusted in part to the credit of the ship.

Under the above circumstances, I think the libellant is entitled to recover. The captain's presence, and the part that he took in the purchase, although small, were sufficient to give an apparent sanction to the acts and representations of the superintendent, and would naturally be understood by the libellant as rendering any further inquiry unnecessary concerning the authority of the superintendent, or his principals, to make the purchase on account of the ship. I think it was the captain's duty, under the circumstances that appear in evidence, to notify the seller that the purchase was not on the ship's account. The agent's acts in the captain's presence, and with his apparent sanction, with the delivery to the ship, I think justified the reliance on the ship's credit, and the libellant's understanding that the sale was a sale to the ship. There was nothing to put the seller on inquiry.

I must, therefore, allow the lien as claimed.